## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK TWARDZIK, on behalf of himself and all others similarly situated, | ) ) ) |
| | ) C.A. No. 21-396-CFC |
| Plaintiffs, | ) ) |
| v. | ) ) |
| HP INC. and NVIDIA CORPORATION, | ) ) |
| Defendants. | ) ) |

## OPENING BRIEF IN SUPPORT OF MOTION
## TO DISMISS FIRST AMENDED COMPLAINT

|  |  |
|---|---|
|  | Kelly E. Farnan (#4395) |
|  | Richards, Layton & Finger, P.A. |
| OF COUNSEL: | One Rodney Square |
| Laurence Pulgram | 920 N. King Street |
| Molly Melcher | Wilmington, DE 19801 |
| Sapna Mehta | (302) 651-7700 |
| FENWICK & WEST LLP | farnan@rlf.com |
| 555 California Street, 12th Floor | |
| San Francisco, CA  94104 | *Attorneys for Defendants HP Inc. and* |
| (415) 875-2300 | *NVIDIA Corporation* |

Dated:  August 27, 2021

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................... ii

NATURE AND STAGE OF PROCEEDINGS ........................................1

SUMMARY OF ARGUMENT ...........................................................1

STATEMENT OF FACTS ................................................................2

LEGAL STANDARD .....................................................................5

    I.     Federal Rule of Civil Procedure 12(b)(1) ............................5

    II.    Federal Rule of Civil Procedure 12(b)(6) ............................6

ARGUMENT ...............................................................................7

    I.     Plaintiff does not allege concrete injury to establish standing. ....................................................................7

         A.    Plaintiff alleges no monetary harm. ...........................7

         B.    Plaintiff has no standing or claim to seek equitable relief. .........9

    II.    Even if Plaintiff had standing, he fails to state a claim for relief. ..................................................................11

         A.    Plaintiff alleges fraud without satisfying Rule 9(b)'s heightened pleading standard. ...................................11

         B.    Plaintiff's MCPA and fraudulent concealment claims fail. .......13

             a.    Plaintiff fails to plead false misrepresentations of fact. ...............................................14

             b.    Plaintiff fails to plead an actionable omission. ...............15

             c.    Plaintiff fails to plead reliance. .......................16

             d.    Plaintiff fails to plead cognizable injury. ......................18

         C.    Plaintiff's claim of unjust enrichment fails. .................19

         D.    Plaintiff cannot assert other state law claims on behalf of

unnamed plaintiffs. ....................................................................20

III.   The Court should dismiss Plaintiff's claims with prejudice
as further amendment is futile. ..........................................................21

CONCLUSION ...........................................................................................21

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................................6

*Austin v. Lakeview Loan Servicing, LLC*,
    No. RDB-20-1296, 2020 WL 7256564 (D. Md. Dec. 10, 2020)........................19

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................................6

*Bezmenova v. Ocwen Fin. Corp.*,
    No. 8:13-cv-00003-AW, 2013 WL 3863948
    (D. Md. July 23, 2013)...........................................................................................16

*Castle v. Capital One, N.A.*,
    No. WMN-13-1830, 2014 WL 176790 (D. Md. Jan. 15, 2014),
    *aff'd*, 593 F. App'x 223 (4th Cir. 2015) ............................................................16

*Daniyan v. Viridian Energy LLC*,
    No. GLR-14-2715, 2015 WL 4031752 (D. Md. June 30, 2015)............13, 14, 15

*Dean v. Beckley*,
    No. CCB-10-297, 2010 WL 3928650 (D. Md. Oct. 1, 2010) ............................14

*Goss v. Bank of Am., N.A.*,
    917 F. Supp. 2d 445 (D. Md. 2013), *aff'd*, 546 F. App'x 165
    (4th Cir. 2013)........................................................................................................17

*Green v. Wells Fargo Bank, N.A.*,
    927 F. Supp. 2d 244 (D. Md. 2013), *aff'd*, 582 F. App'x 246 (4th
    Cir. 2014) .........................................................................................................12, 17

*In re Johnson & Johnson Talcum Powder Prod. Mktg.,
    Sales Pracs. & Liab. Litig.*,
    903 F.3d 278 (3d Cir. 2018) ..........................................................................7, 8, 10

*In re LMI Legacy Holdings, Inc.*,
    625 B.R. 268 (D. Del. 2020)................................................................................21

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*In re Wincopia Farms, LP*,
   499 F. App'x 233 (4th Cir. 2012) ...................................................................15

*Kirchner v. Wyndham Vacation Resorts, Inc.*,
   No. 20-436-CFC, 2021 WL 1198314 (D. Del. Mar. 30, 2021) ..........................6

*Lake v. Arnold*,
   232 F.3d 360 (3d Cir. 2000) ............................................................................21

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)............................................................................................5

*Morris v. Osmose Wood Preserving*,
   667 A.2d 624 (Md. 1995) .................................................................................19

*Palmer v. CVS Health*,
   No. CCB 17-938, 2019 WL 6529163 (D. Md. Dec. 4, 2019) ...........................11

*Razuki v. Nationstar Mortg., LLC*,
   No. 18-cv-03343-JD, 2020 WL 1478374 (N.D. Cal. Mar. 26, 2020) ...............20

*Ryan v. Brady*,
   366 A.2d 745 (Md. App. 1976) ........................................................................10

*Shonk v. Fountain Power Boats*,
   338 F. App'x 282 (4th Cir. 2009) .....................................................................18

*Sindermann v. Wells Fargo Bank, N.A.*,
   No. CCB-14-871, 2014 WL 7369812 (D. Md. Dec. 23, 2014).........................16

*Spaulding v. Wells Fargo Bank, N.A.*,
   714 F.3d 769 (4th Cir. 2013) ............................................................................12

*State Farm Mut. Auto. Ins. Co. v. Carefree Land Chiropractic, LLC*,
   No. 18-cv-1279, 2018 WL 6514797 (D. Md. Dec. 11, 2018) ....................12, 19

*Stewart v. Ocean State Jobbers, Inc.*,
   No. 3:17-CV-1266 (JCH), 2018 WL 379011
   (D. Conn. Jan. 10, 2018).................................................................................14

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Thorne v. Pep Boys Manny Moe & Jack Inc.*,
  980 F.3d 879 (3d Cir. 2020) .......................................................................7, 8, 11

*Todd v. Xoom Energy Maryland*,
  LLC, No. GJH-15-154, 2016 WL 727108 (D. Md. Feb. 22, 2016) ...........*passim*

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 (2021).........................................................................................7

*United Access Techs., LLC v. Verizon Internet Servs., Inc.*,
  No. 05-866-LPS, 2021 WL 1200650 (D. Del. Mar. 26, 2021) ...........................5

### STATUTES AND RULES

Federal Rule of Civil Procedure 9(b)................................................................2, 6, 12

Federal Rule of Civil Procedure 12(b)(1) .........................................................2, 5, 7

Federal Rule of Civil Procedure 12(b)(6) .........................................................2, 6, 7

Maryland Consumer Protection Act ...................................................................*passim*

### OTHER AUTHORITIES

United States Constitution Article III .................................................................*passim*

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Mark Twardzik ("Plaintiff") filed a putative Class Action Complaint (D.I. 1) on March 18, 2021 asserting various state law claims against Defendants HP Inc. ("HP") and NVIDIA Corporation ("NVIDIA") (collectively, "Defendants") based on allegations that Defendants fraudulently advertised the capabilities of the HP Envy 13 laptop that he bought with an NVIDIA MX150 graphics processing unit incorporated.  Defendants moved to dismiss (D.I. 6) all counts.  In response, Plaintiff filed a First Amended Class Action Complaint (D.I. 15) ("FAC") nearly identical to his original complaint, asserting the same causes of action.  Because the FAC could not and did not remedy the defects that defeat Plaintiff's claims, Defendants now renew their motion to dismiss.

## SUMMARY OF ARGUMENT

HP and NVIDIA respectively developed the laptop and incorporated graphics processing unit ("GPU") that Plaintiff bought from a third-party retailer in 2018 and with which he now claims to be dissatisfied.  But Defendants did not sell Plaintiff his device or interact with him at all.  Indeed, Plaintiff does not identify any statement made by HP or NVIDIA that he saw before purchasing—not one—much less that he relied upon.  He nonetheless sues them for rescission, unjust enrichment, and for allegedly intending to defraud him by not disclosing the GPU's configuration in the thin and light environment of the HP Envy 13 laptop he purchased.  The Court

1

need not proceed further to determine the lack of merit in Plaintiff's FAC, because none of his claims can survive a motion to dismiss.

Defendants move, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss Plaintiff's facially deficient claims. *First*, Plaintiff fails to allege the requisite injury to establish standing, or any standing to seek rescission or injunctive relief, warranting dismissal of his FAC for lack of subject-matter jurisdiction. *Second*, Plaintiff fails to allege plausible facts establishing any of the claims on which he seeks relief. Indeed, although Plaintiff's claims sound in fraud, he fails to meet even Rule 8's pleading standard, let alone the applicable heightened standard of Rule 9(b). Plaintiff pleads no actionable misrepresentation or concealment of fact, no reliance on such a misrepresentation, and no injury.

Though Defendants' original motion to dismiss outlined these deficiencies, Plaintiff still fails to plead these threshold facts. Tellingly, Plaintiff added *no* material facts to his FAC about his *own* purchase that could confer standing or state a claim. Plaintiff's inability to cure the shortcomings of his allegations shows the futility of further amendment. The Court should dismiss Plaintiff's FAC with prejudice.

## STATEMENT OF FACTS

Defendants are technology companies that develop acclaimed computing products. FAC ¶¶ 35, 37. HP develops and sells computers and related products

directly to customers and through third-party resellers.  *Id.* ¶ 35.  One of the laptop computers that HP developed is the HP Envy 13, a small and thin notebook specially designed for more portability than standard laptops.  *Id.* ¶¶ 2, 26.  NVIDIA develops specialized GPUs, or graphics processing units, for computing devices.  *Id.* ¶¶ 3, 37.  The GPU is a chip that allows a computer to output graphical images that a user sees on a computer monitor.  *Id.* ¶ 5.

NVIDIA offers a brand of GPUs called GeForce—which includes the MX150 model at issue—designed for laptops.  *Id.* ¶ 3.  NVIDIA sells certain graphics cards to third-party retailers for direct sale to consumers, but only sells its GPUs to device manufacturers, like HP, to incorporate into their laptops.  *Id.* ¶¶ 7, n.1, 47, 60. NVIDIA offers device manufacturers the option to purchase the MX150 set at one of two baseline "clock speeds."  *Id.* ¶¶ 23, 27.  Clock speed measures how many cycles per second the GPU will process.  *See id.* ¶ 51.  The same GPU can be set at different clock speeds, with a higher clock speed potentially improving performance but also generating more heat.  *See id.* ¶¶ 51-53.  The actual MX150 chip NVIDIA sells to manufacturers has the same variable clock speed capability.  Thus, while NVIDIA offers two different "core clock speeds" preset for manufacturers (depending on the product design and needs), that is a baseline that end users can change by "'overclocking,' or increasing the baseline clock speed beyond the core clock speed."

*See id.* ¶ 52. Other factors beyond clock speed, such as memory and laptop specifications, may impact GPU performance. *See id.* ¶¶ 51, 54.

NVIDIA differentiates this "vendor-side variant" between the MX150 base clock speeds when it sells to device manufacturers. *Id.* ¶¶ 23, 78. HP bought the MX150 from NVIDIA preset at a lower baseline clock speed so that it was optimized for the ultra thin design of the HP Envy 13. *See id.* ¶ 27 (lower clock speed "better suited to the physical limitations of the smallest laptop computers"). HP offered its HP Envy 13 laptop with the option of having NVIDIA's MX150 incorporated. *Id.* ¶ 8.

Plaintiff is a Maryland resident who allegedly bought an HP Envy 13 notebook with the MX150. *Id.* ¶ 33. Plaintiff did not purchase the product at issue from HP or NVIDIA. He bought from adorama.com, "an online third-party retailer." *Id.* ¶¶ 33, 88. Plaintiff alleges he "saw the HP Envy 13 promoted on Slickdeals.net, a third-party website," and researched unspecified reviews and test results online before deciding to purchase. *Id.* ¶¶ 84–86. He alleges no specific statement by NVIDIA or HP that he ever saw or on which he relied in making his purchase. He claims that he subsequently learned of the different pre-set clock speeds of the MX150 in June 2018. *Id.* ¶ 90.[1]

---

[1] Despite alleging that some "users choose to manually overclock their GPUs" to increase the baseline clock speed, Plaintiff does not allege whether he adjusted the clock speed on his laptop. FAC ¶ 54.

Plaintiff filed this putative class action asserting five claims based on his allegation that HP and NVIDIA misrepresented and failed to disclose the performance capabilities of the MX150 included in the HP Envy 13. Plaintiff hopes to assert claims on behalf of a nationwide class under 33 state unfair trade practices statutes (First Claim for Relief). *Id*. ¶¶ 95, 109–123. In his individual capacity, Plaintiff asserts claims against both HP and NVIDIA alleging violation of the Maryland Consumer Protection Act, deceit and fraudulent concealment, and, in the alternative, unjust enrichment (Third, Fourth, and Fifth Claims for Relief). Against HP, Plaintiff also seeks equitable injunctive and declaratory relief (Second Claim for Relief).

## LEGAL STANDARD

## I.   FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)

The Constitution limits the jurisdiction of federal courts to only "cases" and "controversies." U.S. Const. art. III, § 2. The doctrine of standing is an essential part of the case-or-controversy requirement of Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing is thus a "threshold jurisdictional issue" on which plaintiffs bear the burden. *United Access Techs., LLC v. Verizon Internet Servs., Inc.*, No. 05-866-LPS, 2021 WL 1200650, at *5 (D. Del. Mar. 26, 2021). A court properly dismisses an action for lack of subject matter jurisdiction under Rule 12(b)(1) "if the plaintiff lacks standing to bring his claim." *Id.* (citation omitted).

## II.    FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007). Allegations "merely consistent with" a claim but lacking factual content to establish it are not sufficient. *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court must accept all of a complaint's allegations as true when considering a motion to dismiss, this tenet does not apply to legal conclusions. *Twombly*, 550 U.S. at 555. And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A complaint should be dismissed when "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

In addition, claims alleging fraud must meet a heightened pleading standard to survive dismissal under Rule 12(b)(6). The plaintiff "must state with particularity the circumstances constituting" the fraud. Fed. R. Civ. P. 9(b). The requisite facts to be described are often referred to as the "who, what, when, where, and how" of the alleged fraud. *Kirchner v. Wyndham Vacation Resorts, Inc.*, No. 20-436-CFC, 2021 WL 1198314, at *3 (D. Del. Mar. 30, 2021) (quoting another source). This requirement serves important purposes, including by giving the defendant "notice of

6

the precise misconduct with which [it is] charged" and also providing "precision or some measure of substantiation into a fraud allegation." *Id.*

## ARGUMENT

The Court should dismiss with prejudice Plaintiff's claims under Rule 12(b)(1) for lack of standing and under Rule 12(b)(6) for failure to adequately plead facts establishing any claim for relief.

## I.   PLAINTIFF DOES NOT ALLEGE CONCRETE INJURY TO ESTABLISH STANDING.

"Under Article III, federal courts do not adjudicate hypothetical or abstract disputes" and may only resolve actual controversies with "real impact on real persons." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).  "Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies' in which a plaintiff has a 'personal stake.'" *Id.* "Injury in fact" is the 'foremost'" required element of standing.  *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 885 (3d Cir. 2020).  It is absent here, however, because Plaintiff fails to meet his burden of pleading injury to himself that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (citations omitted).

### A.   Plaintiff alleges no monetary harm.

The Third Circuit instructs that "buyer's remorse, without more, is not a cognizable injury under Article III of the United States Constitution." *In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab. Litig.*, 903 F.3d 278,

281 (3d Cir. 2018).  At bottom, a plaintiff "must allege facts that would permit a factfinder to value the purported injury at something more than zero dollars without resorting to mere conjecture." *Id.* at 285.

In *Johnson & Johnson*, the Third Circuit affirmed dismissal for lack of standing though the plaintiff alleged harm from purchasing an improperly marketed product that she would not have otherwise purchased.  *Id.* at 282.  Similarly, in *Thorne,* that Court again affirmed dismissal for lack of standing when the plaintiff pled "speculative allegations" that the products she bought were "worth less than what she paid for them."  980 F.3d at 889.  It reasoned that these were not "tangible, economic" injuries sufficient to confer standing.  *Id.*

Likewise, here, Plaintiff pleads no facts from which the Court can infer concrete, actual economic injury.  Plaintiff alleges he paid $849.99 to a third-party retailer for his HP Envy 13 laptop, which allegedly reflected "a premium for the MX150 upgrade."  FAC ¶¶ 33, 71.  Plaintiff also alleges that he "would not have purchased" the laptop had he known the MX150 clock speed pre-set for the HP Envy 13, and instead would have "paid less" or "opted for a laptop with an integrated GPU manufactured by NVIDIA's competitor, AMD."  *Id.* ¶ 91.  But nowhere does he allege what he would have paid for the HP Envy 13 laptop without the MX150 upgrade or for a different competing laptop.  *See In re Johnson & Johnson*, 903 F.3d at 283 (finding failure to allege "cheaper alternative or an unlawful premium" that

8

could be calculated).  Nor does he allege "the difference in value between what [he] bargained for and what was received."  *Id.*  He bought an HP Envy 13 with MX150—based on unspecified third-party reviews (FAC ¶¶ 85-86)—and that is what he received.  He does not allege that he was unable to adjust the clock speed, if that made any difference to him.  He does not allege plausible facts showing that he bought a laptop "that was worth less than what []he paid for."  *See* 903 F.3d at 287.

The FAC also alleges that "Plaintiff and members of the Class" paid for "diagnoses, repairs, and replacements" and "software and hardware that were not able to satisfactorily run" on the laptop.  FAC ¶¶ 119, 127, 141, 151.  But again, the FAC is devoid of any factual support for these claimed injuries.  *See* 903 F.3d at 287 ("Article III requires us to ensure that plaintiffs present more than merely conjectural assertions of injury.").  Despite being within Plaintiff's possession, these are facts that he was still unable to add to his amended complaint.  And even if any other putative Class Member incurred such losses, that could not establish standing for Plaintiff. Plaintiff fails to meet his burden of pleading sufficient facts to show his standing to assert his first, third, fourth, and fifth claims for which he seeks damages.

### B.  Plaintiff has no standing or claim to seek equitable relief.

Plaintiff also seeks "equitable" relief against HP in his "Second Claim for Relief" in the form of (1) "rescission" by repurchase of his laptop and (2) an

injunction to "cease and desist from marketing, advertising, selling, and leasing the Class Laptops." FAC ¶ 126. Plaintiff can show entitlement to neither.

First, Plaintiff pleads no factual or legal basis providing standing to demand "rescission" from HP. Rescission is "extraordinary relief" to undo an agreement or contract. *Ryan v. Brady*, 366 A.2d 745, 750 (Md. App. 1976). Plaintiff alleges *no* transaction or agreement with HP. He bought his laptop from "third-party retailer adorama.com," not HP. FAC ¶ 88. There is thus no agreement or transaction he has standing to rescind.

Second, Plaintiff cannot satisfy the requirements for an injunction. Again, there is no conduct to enjoin. Plaintiff bought his HP Envy 13 laptop with MX150 in 2018. The FAC contradicts the original Complaint's allegation that the product that Plaintiff purchased is no longer offered. D.I. 1 ¶ 43. Plaintiff now characterizes another product—NVIDIA's MX250—as "the next iteration of the MX150" that is still sold. FAC ¶ 43. But even if true, that does not cure his lack of standing. The MX250 is irrelevant to the injunction he seeks. FAC ¶ 126. Indeed, he does not claim to have purchased a product with MX250 incorporated (FAC ¶ 88), nor seek to represent a class other than MX150 purchasers (*id.* ¶¶ 1, 95-96). And in all events, courts afford plaintiffs "the dignity of assuming that [they act] rationally, and that [they] will not act in such a way that [they] will again suffer the same alleged 'injury.'" *In re Johnson & Johnson*, 903 F.3d at 293. Plaintiff himself states he

10

would not purchase the laptop with knowledge of the base clock rates.  FAC ¶ 91.
Plaintiff thus cannot allege "'real or immediate threat' that [he] will suffer an injury
in the future."  *See Palmer v. CVS Health*, No. CCB 17-938, 2019 WL 6529163, at
*3 (D. Md. Dec. 4, 2019) (dismissing request for injunctive relief for lack of
"allegations of future injury"); *see also Thorne*, 980 F.3d at 896.

The Court lacks subject-matter jurisdiction over each of Plaintiff's claims
because Plaintiff cannot establish standing to claim the relief he seeks.

## II.  EVEN IF PLAINTIFF HAD STANDING, HE FAILS TO STATE A CLAIM FOR RELIEF.

Plaintiff's claims are all based on the same alleged conduct.  The crux of
Plaintiff's allegation is that Defendants falsely represented or concealed the
capabilities of the HP Envy 13 laptop with MX150 incorporated.  Based on this,
Plaintiff alleges violation of the Maryland Consumer Protection Act, § 13-101,
*et seq.* ("MCPA"), deceit and fraudulent concealment, unjust enrichment, and
violation of various unfair trade practices statutes.  Plaintiff does not adequately
plead any of his claims.

### A.  Plaintiff alleges fraud without satisfying Rule 9(b)'s heightened pleading standard.

To begin, Plaintiff alleges that Defendants acted "with intent to defraud" and
knowingly committed misrepresentations, concealments, and deceptive practices.
*E.g.*, FAC ¶¶ 114, 118, 133, 136, 138, 145, 147, 148, 152, 157.  Because each claim

sounds in fraud, Rule 9(b) requires Plaintiff to allege them with particularity. *See Green v. Wells Fargo Bank, N.A.*, 927 F. Supp. 2d 244, 249 (D. Md. 2013), *aff'd*, 582 F. App'x 246 (4th Cir. 2014). His failure to do so requires dismissal of his claims. *See Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781–82 (4th Cir. 2013) (affirming dismissal of MCPA and common law fraud claims that did not satisfy Rule 9(b)); *State Farm Mut. Auto. Ins. Co. v. Carefree Land Chiropractic, LLC*, No. 18-cv-1279, 2018 WL 6514797, at *3 (D. Md. Dec. 11, 2018) (dismissing unjust enrichment claim premised on fraud under Rule 9(b)'s standard).

Far from showing "the who, what, when, where, and how" of the alleged fraud, as Rule 9(b) requires, Plaintiff merely alleges fraud in a conclusory fashion without factual support. Plaintiff does not even specify the alleged involvement in the alleged fraud of the separate Defendants he names. *See Todd v. Xoom Energy Maryland*, *LLC*, No. GJH-15-154, 2016 WL 727108, at *10 (D. Md. Feb. 22, 2016) ("Rule 9(b) requires that the plaintiff identify each defendant's participation in the alleged fraud."). He merely alleges each Defendant made certain non-actionable advertisements (which he does not allege he saw) while respectively failing to disclose the existence of the vendor-side variant. FAC ¶¶ 115, 138, 145. Plaintiff's generic statement—upon information and belief—that the two Defendants acted as "agents" of each other (FAC ¶ 41) is insufficient. *See Todd*, 2016 WL 727108, at

\*10–11 (dismissing claim for failure to satisfy 9(b) by not alleging facts as how each defendant was individually responsible for the fraud).

Moreover, as described in the sections that follow, Plaintiff fails to supply facts supporting the numerous elements of each claim. Whether evaluated under Rule 9(b)'s particularity requirement or Rule 8's requirement of facts demonstrating plausibility, Plaintiff fails to plead actual facts to establish the necessary elements of his claims.

### B.    Plaintiff's MCPA and fraudulent concealment claims fail.

Plaintiff's MCPA and fraudulent concealment claims overlap in their requirements. For his MCPA claim, Plaintiff must allege "(1) an unfair or deceptive practice or misrepresentation that (2) is relied upon, and (3) causes [him] actual injury." *Daniyan v. Viridian Energy LLC*, No. GLR-14-2715, 2015 WL 4031752, at \*1 (D. Md. June 30, 2015) (citations omitted). For his fraudulent concealment claim, Plaintiff must allege: "(1) the defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment." *Todd*, 2016 WL 727108, at \*9. Plaintiff fails to do so.

### a.     Plaintiff fails to plead false misrepresentations of fact.

Plaintiff's FAC references statements made by NVIDIA and HP—which, as described below, he apparently learned of after purchasing his laptop—but the statements are not actionable. "[V]ague generalities, statements of opinion, or puffery" do not constitute false representations. *Daniyan*, 2015 WL 4031752, at *2. The *Daniyan* court, for example, dismissed claims based on the defendant's statements that "its product 'often costs less'" and "its customers can potentially save on their electricity bills." *Id.* Other courts have likewise dismissed claims based on "broad and unspecific statements," such as that a product was "exceptionally good value." *See Dean v. Beckley*, No. CCB-10-297, 2010 WL 3928650, at *4 (D. Md. Oct. 1, 2010). Similarly, vague statements that a product may perform "up to" a certain level are not actionable. *See, e.g.*, *Stewart v. Ocean State Jobbers, Inc.*, No. 3:17-CV-1266 (JCH), 2018 WL 379011, at *2 (D. Conn. Jan. 10, 2018) (statement that batteries "last longer" and have "up to 6x longer lasting power" were "mere puffery").

The Court should do the same here. For NVIDIA, Plaintiff alleges that NVIDIA's webpage says MX150 "offered 'up to 3x superior performance-per-Watt,'" and "up to 4X faster performance over integrated graphics for photo and video-editing applications, as well as faster, smoother gaming." FAC ¶¶ 12, 68-69; *see also id.* ¶ 70 ("4x faster than integrated graphics laptops" for work and play).

Case 1:21-cv-00396-SB   Document 17   Filed 08/27/21   Page 21 of 29 PageID #: 154

Plaintiff also alleges, but without purporting to quote the website, that NVIDIA described "approximately 33 percent better performance in various computing activities." *Id*. ¶ 68. Plaintiff alleges no statements by HP about incorporation of the MX150, but points to its general statements that the HP Envy 13 was "exceptionally powerful" with "amazing gaming performance." *Id*. ¶¶ 14, 67. Even if Plaintiff *had* seen these statements before purchasing, which he does not allege, they would not be actionable statements of fact.[2] *See, e.g.*, *Daniyan*, 2015 WL 4031752, at *2. A statement of performance "up to" a particular level is, on its face, puffery, not assurance of such performance, as are such laudatory words as "exceptional" or "amazing."

### b.    Plaintiff fails to plead an actionable omission.

Plaintiff also fails to establish that Defendants had a duty to disclose any alleged performance differences based on pre-set clock speeds. "Maryland does not recognize a general duty upon a party to a transaction to disclose facts to the other party," and without one, Plaintiff must first plead "that the seller "actively, and with the intent to deceive, conceals a material fact." *In re Wincopia Farms, LP*, 499 F. App'x 233, 236 (4th Cir. 2012). Stated differently, Plaintiff must plausibly allege that "the defendant took affirmative action to conceal the cause of action and that the

---

[2]   Plaintiff newly alleges that NVIDIA stated that users could "play at full HD resolution at a smooth 60 frames per second," but fails to plead that the statement was false. FAC ¶ 70.

15

plaintiff could not have discovered the cause of action despite the exercise of reasonable diligence." *Todd*, 2016 WL 727108, at \*9.

But Plaintiff does not—and cannot—plausibly plead that Defendants affirmatively concealed a material fact with intent to deceive him. Again, he alleges no interaction, transaction, or even review of material from either Defendant before his purchase. Plaintiff cannot maintain a claim based on his theory of fraudulent concealment.

### c.    Plaintiff fails to plead reliance.

Critically, the mere fact of some misrepresentation or omission, even if established, would be insufficient for Plaintiff's claims. Plaintiff must instead plead *facts* showing that *he relied* on Defendants' statements in making the choice that allegedly harmed him. *See Bezmenova v. Ocwen Fin. Corp.*, No. 8:13-cv-00003-AW, 2013 WL 3863948, at \*6 (D. Md. July 23, 2013) (dismissing claim based on "vague allegations" insufficient to establish reliance). A "consumer is deemed to have 'relied' on a misrepresentation or fraudulent concealment when it 'substantially induces the consumer's choice.'" *Sindermann v. Wells Fargo Bank, N.A.*, No. CCB-14-871, 2014 WL 7369812, at \*4 (D. Md. Dec. 23, 2014). Conclusory "assertions of reliance" will not suffice. *Id.*; *see also Castle v. Capital One, N.A.*, No. WMN-13-1830, 2014 WL 176790, at \*7 (D. Md. Jan. 15, 2014) ("[C]onclusory use of the term

16

"reliance" in [] Complaint is insufficient to survive a motion to dismiss."), *aff'd*, 593 F. App'x 223 (4th Cir. 2015).

Plaintiff cannot show his reliance because he alleges no interaction with or statement of HP or NVIDIA that he saw before purchasing his laptop. To the contrary, he does identify what he reviewed, and it was *not* the webpages described above. He claims to have viewed a promotion on "Slickdeals.net, a third-party website" and then researched online posts by "third-party reviewers." FAC ¶¶ 84-86. He "[b]ased" his beliefs about the device he purchased on these statements. *Id.* ¶ 86. But he does not attribute those third-party statements to HP or NVIDIA, and they cannot serve as the basis for his claims. His conclusory allegations that he relied on Defendants' unspecified marketing and "practices" in making his purchase (*id.* ¶¶ 88, 120, 150) are thus unsupported and insufficient to save his claim. *See Castle*, 2014 WL 176790, at *7.

To the extent Plaintiff has now collected the different (and non-actionable) statements by HP and NVIDIA discussed above, he fails to allege that he saw those statements before making his purchase, much less that he relied on those specific statements. *See Goss v. Bank of Am., N.A.*, 917 F. Supp. 2d 445, 450 (D. Md. 2013) (dismissing claims because plaintiffs could not "show they reasonably and detrimentally relied" on the alleged statements), *aff'd*, 546 F. App'x 165 (4th Cir. 2013); *Green*, 927 F. Supp. 2d at 257 (dismissing fraud and MCPA claims for failure

17

to show reliance), *aff'd*, 582 F. App'x 246 (4th Cir. 2014). And his purported reliance would not be reasonable. On the NVIDIA webpage for the MX150 that Plaintiff references (FAC ¶ 12), NVIDIA explicitly advises that "[t]he below specifications represent the GPU features available. Actual implementation may vary by OEM model." Request for Judicial Notice, Ex. A. Moreover, Plaintiff states he bought his laptop on March 21, 2018, *after* publication of the third-party article he cites publicly discussing the possibility of MX150 clock speed differences. FAC ¶¶ 33, 56. Plaintiff does not and cannot plausibly allege facts suggesting that he relied on statements or omissions by HP or NVIDIA in making his purchase.

### d.    Plaintiff fails to plead cognizable injury.

As described above in Section I, Plaintiff alleges no actual injury. Along with negating his Article III standing, this is a requirement for both his MCPA and fraud claims which he fails to meet, further warranting dismissal. *See Goss*, 917 F. Supp. 2d at 450 ("the consumer must have suffered an identifiable loss, measured by the amount the consumer spent or lost as a result of his or her reliance on the sellers' misrepresentation").[3]

---

[3] On top of failing to plead any of the required elements of his MCPA claim, Plaintiff fails to establish that the statute even applies to NVIDIA here. The MCPA governs practices in connection with the "sale, lease, rental, loan, or bailment"—or offer of the foregoing—of consumer goods. § 13-303(1), (2). But NVIDIA sells the MX150 to device manufacturers to incorporate into their laptops, not to consumers themselves. *See, e.g.*, FAC ¶¶ 7, 47, 60; *Shonk v. Fountain Power Boats*, 338 F.

### C.     Plaintiff's claim of unjust enrichment fails.

Plaintiff asserts unjust enrichment "in the alternative" to contractual claims that Plaintiff does not assert in his complaint.  FAC ¶ 154.  Ultimately, Plaintiff's unjust enrichment claim is premised on the same allegation of fraud as his other claims and falls with those claims.  *See State Farm Mut. Auto. Ins. Co.*, 2018 WL 6514797, at *4 (dismissing unjust enrichment claim "[f]or the same reasons [as] the fraud claim").

Moreover, to state a claim for unjust enrichment under Maryland law, Plaintiff must plausibly allege "(1) [a] benefit conferred upon the defendant by the plaintiff; (2) [a]n appreciation or knowledge by the defendant of the benefit; and (3) [t]he acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value."  *Austin v. Lakeview Loan Servicing, LLC*, No. RDB-20-1296, 2020 WL 7256564, at *6 (D. Md. Dec. 10, 2020) (internal quotation marks and citations omitted) (dismissing for failure to allege retention of benefit under inequitable circumstances).  Plaintiff, however, cannot even satisfy the threshold showing because he conferred *no* benefit on either NVIDIA or HP.  Plaintiff did not purchase

---

App'x 282, 287–88 (4th Cir. 2009) (affirming dismissal of MCPA claims because plaintiff "failed to identify a consumer good sold to [him]" by supplier); *see also Morris v. Osmose Wood Preserving*, 667 A.2d 624, 636 (Md. 1995) (affirming dismissal of MCPA claims for allegedly defective plywood not sold to the consumer).

from either Defendant and alleges no facts showing payment, directly or indirectly, to either Defendant for his purchase. FAC ¶ 157 n.4. *See Todd*, 2016 WL 727108, at *7-8 (unjust enrichment claim failed without allegation that the plaintiffs "conferred any benefit on" certain defendants to which they made no payment). In addition, the lack of any fraudulent statement or omission by Defendants, and lack of any reliance by Plaintiff, also defeats any allegation of "inequity." Plaintiff's claim thus fails.

> ### D. Plaintiff cannot assert other state law claims on behalf of unnamed plaintiffs.

Plaintiff is a Maryland resident who sues based on his purchase there. *See* FAC ¶ 33. He thus brings his claims under Maryland law. Plaintiff also tries to claim violations of other "states' unfair and deceptive practices statutes" on behalf of unnamed plaintiffs, who are putative class members. *Id.* ¶ 111; Appendix A. But he pleads no facts establishing his ability to assert, or satisfy the respective elements of, each of the statutes he lists. *See, e.g.*, *Razuki v. Nationstar Mortg., LLC*, No. 18-cv-03343-JD, 2020 WL 1478374, at *3 (N.D. Cal. Mar. 26, 2020) (granting motion to dismiss since standing is measured "claim by claim" and "a named plaintiff must possess the requisite standing"). The Court should thus dismiss Plaintiff's "catch-all," unspecified, claim for relief.

## III.   THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS WITH PREJUDICE AS FURTHER AMENDMENT IS FUTILE.

Plaintiff's sparse additions in his FAC show that he cannot remedy the deficiencies in his claims.  Leave to amend should be denied when, like here, an amended complaint would be subject to dismiss for failure to state a claim and thus futile.  *See In re LMI Legacy Holdings, Inc.*, 625 B.R. 268, 291 (D. Del. 2020). Moreover, district courts have broad discretion to deny leave to amend when a party has already had an opportunity to amend.  *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000).  Plaintiff can claim no prejudice in denial of further opportunity to amend.  Despite Defendants detailing the deficiencies in his complaint in their first motion, Plaintiff filed a FAC that, although it attempted to add some small bits of information, could not cure its fundamental defects.  Plaintiff should not be permitted a third attempt to state his claims.

### CONCLUSION

For these reasons, Defendants respectfully request that the Court dismiss Plaintiff's FAC (D.I. 15) with prejudice.

21

                                        */s/ Kelly E. Farnan*
                                        Kelly E. Farnan (#4395)
OF COUNSEL:                             Richards, Layton & Finger, P.A.
Laurence Pulgram                        One Rodney Square
Molly Melcher                           920 N. King Street
Sapna Mehta                             Wilmington, DE 19801
FENWICK & WEST LLP                      (302) 651-7700
555 California Street, 12th Floor       farnan@rlf.com
San Francisco, CA  94104
(415) 875-2300                          *Attorneys for Defendants HP Inc. and
                                        NVIDIA Corporation*


Dated:  August 27, 2021

## **WORD COUNT CERTIFICATION**

The undersigned hereby certifies that Defendants' Opening Brief in Support of Motion to Dismiss First Amended Complaint contains 4,988 words in Times New Roman 14-point font, counted using Microsoft Word's word count feature.

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)

*Attorney for Defendants HP Inc. and NVIDIA Corporation*

1