IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARK TWARDZIK, individually and
on behalf of all others similarly situated

        *Plaintiff*,

v.

HP INC., NVIDIA CORPORATION

        *Defendants.*

No. 1:21-cv-00396-SB

Peter Bradford deLeeuw, DELEEUW LAW LLC, Wilmington, Delaware.

*Counsel for Plaintiff.*

Kelly E. Farnan, RICHARDS, LAYTON, & FINGER, PA, Wilmington, Delaware; Laurence Pulgram, Molly Melcher, FENWICK & WEST LLP, San Francisco, California.

*Counsel for Defendants.*

**MEMORANDUM OPINION**

January 25, 2022

BIBAS, *Circuit Judge*, sitting by designation.

To sue in federal courts, a plaintiff must allege an injury. Otherwise, there is no case or controversy for judges to resolve. Mark Twardzik does that: he bought a laptop that does not work as well as he expected. So I can hear his case.

Even so, Twardzik's suit can continue only if he states a legal claim. He does not. He says the laptop's manufacturers defrauded him, yet he never alleges that they misstated any fact or that he relied on their misstatements or omissions. So I dismiss his claims with prejudice.

## I. BACKGROUND

Mark Twardzik wanted to buy a small but powerful laptop to play video games "while travelling." First Am. Compl., D.I. 15 ¶ 87. So he scoured the internet for the perfect machine and quickly zeroed in on HP's Envy 13. He consulted third-party reviews, which suggested that it could run video games "in high settings a[t] the full resolution." *Id.* ¶¶ 85–86 (internal quotation marks omitted) (alteration in original). Impressed, he bought it. *Id.* ¶ 88.

But soon he was disappointed. His laptop glitched while running video games. *Id.* ¶ 89. When he investigated the problem, he realized that HP had purposely slowed down the graphics card in the Envy 13. *Id.* ¶ 90.

Understanding HP's decision requires a little technical background. Many of its laptops, including the Envy 13, contain a powerful NVIDIA MX150 graphics card. *Id.* ¶¶ 27, 65. But that card does not work as well when installed in small computers. To combat the problem, HP used software to slow the card in those machines. Doing so

2

meant that the card needed less power and put out less heat, though HP let users manually increase its speed. *Id.* ¶¶ 27, 52, 65.

HP never told buyers that it had slowed the cards down. Buyers could find out which card they got only by examining a computer itself. *Id.* ¶ 82. Even so, HP stressed that its slower laptops provided "amazing gaming performance" and "fantastic [high-resolution] entertainment." *Id.* ¶ 67. NVIDIA piled on, touting the MX150 as offering excellent gaming performance. *Id.* ¶ 68–69.

Given all of that, Twardzik felt misled. So he brought this class-action lawsuit against HP and NVIDIA, alleging consumer-protection violations, fraudulent concealment, and unjust enrichment. *Id.* ¶¶ 128–59. He seeks monetary damages from both defendants, plus equitable relief against HP. *Id.* ¶¶ 123–27, 142, 152, 159. He brought these claims under the law of his home state, Maryland, but anticipated that other class members might have claims under their own states' laws. *Id.* ¶¶ 33, 109–23.

After letting Twardzik amend his complaint once, HP and NVIDIA now move to dismiss it. D.I. 13, 16. They say Twardzik lacks standing to seek damages and equitable relief. D.I. 17, at 7–11. Plus, they argue, he lacks standing to bring claims on behalf of other class members under other states' laws. *Id.* at 20. Even if he does, they say he has not stated a claim. *Id.* at 11–20.

As I will explain, Twardzik does have standing to bring claims for damages, though not for equitable relief. Even so, he fails to state a claim.

## II. TWARDZIK HAS STANDING TO SEEK DAMAGES, NOT EQUITABLE RELIEF

Start with standing. That doctrine requires plaintiffs to show a "personal stake" in any case they bring to federal court. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (internal quotation marks omitted). HP and NVIDIA say Twardzik lacks a personal stake in this case sufficient for damages, an injunction, or rescission. *Cf. Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (requiring courts to examine standing for "each type of relief sought"). Plus, they see a standing problem with a class action suit brought under the laws of nearly three dozen states. *See* D.I. 1-1. I consider each argument in turn. *See In re Johnson & Johnson Talcum Powder Prods. Marketing, Sales Practices & Liability Litig.*, 903 F.3d 278, 284–85 (3d Cir. 2018).

### A. Damages

To establish "standing to seek monetary damages," Twardzik must point to (1) "an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) is likely to be redressed by a favorable judicial decision." *In re Johnson & Johnson*, 903 F.3d at 284 (internal quotation marks omitted). He meets his burden by pleading enough "facts that affirmatively and plausibly suggest that [he] has standing to sue." *Finkelman v. NFL*, 810 F.3d 187, 194 (3d Cir. 2016) (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL,* 671 F.3d 140, 145 (2d Cir. 2011)).

The parties dispute whether Twardzik has an "injury in fact." An injury in fact is "an invasion of a legally protected interest" that is "concrete," "particularized," and "actual or imminent, not conjectural or hypothetical." *In re Johnson & Johnson*, 903 F.3d at 284 (internal quotation marks omitted).

Twardzik wins this battle. He claims that he "paid for diagnoses, repairs, and replacements," along with "software and hardware" that did not work on the laptop. First Am. Compl. ¶¶ 119, 127, 141, 151. Plus, he has plausibly pled that his laptop did not do what he "expected it to do": run video games and display high-resolution images. *In re Johnson & Johnson*, 903 F.3d at 283 ("[A] plaintiff might successfully plead an economic injury by alleging that she bargained for a product worth a given value but received a product worth less than that value."); *see* First Am. Compl. ¶¶ 91, 120, 127, 141, 149, 151. So I can presume that Twardzik got less than he bargained for. *In re Johnson & Johnson*, 903 F.3d at 285.

HP and NVIDIA push back. But the cases that they rely on are inapt. In one, a woman sought damages because she bought baby powder that she later discovered was linked to an increased risk of cancer. *Id.* at 282. Yet she did not dispute that the baby powder "successfully did what the parties had bargained for and expected it to: eliminated friction on the skin, absorbed excess moisture, and maintained freshness." *Id.* at 283. So she had not shown an injury.

In another, a man claimed that the NFL improperly allocated Super Bowl tickets to insiders. *Finkelman*, 810 F.3d at 200. But he failed to show that this practice drove up ticket prices. *Id.* His claimed injury, that he overpaid, was thus "nothing more than supposition." *Id.* at 201.

But here, Twardzik has plausibly alleged that the laptop was "worth less than what [he] paid for." *In re Johnson & Johnson*, 903 F.3d at 287. So he has shown an injury in fact and has standing to seek damages.

5

### B. Injunctive Relief

Injunctive relief is a different matter. "In order to have standing to seek injunctive relief, [Twardzik] must establish that [he] is *likely* to suffer future injury from the defendant's conduct." *Id.* at 292 (internal quotation marks omitted) (emphasis added). He does not.

Twardzik says that HP will continue "marketing, advertising, selling, and leasing" laptops. First Am. Compl. ¶ 126. If so, he might buy another one someday. *Id.* ¶¶ 126–27; D.I. 21, at 10.

But this supposed injury is "*hypothetical.*" *In re Subaru Battery Drain Prods. Liab. Litig.*, 2021 WL 1207791, at *31 (D.N.J. Mar. 31, 2021) (quoting *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 465 (S.D.N.Y. 2020)) (emphasis in original). After all, no one will force Twardzik to buy another HP product. I cannot consider "this sort of 'stop me before I buy again' claim." *In re Johnson & Johnson*, 903 F.3d at 293.

### C. Rescission

Twardzik also seeks a "rescission" order forcing HP to "repurchas[e] the[] [laptops] for their full cost." First Am. Compl. ¶ 126. HP says that Twardzik's injury is not "redressab[le]" by a rescission order, so he lacks standing to seek it. *Friends of the Earth, Inc. v. Laidlaw Enviro. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000); *see* D.I. 17, at 9–10.

HP is right. Rescission is a contract remedy letting one party to the contract "unmak[e]" it for some "legally sufficient reason," such as "the other party's material breach" or "fraud." *Lawley v. Northam*, 2011 WL 1327652, at *11–12 (D. Md. Apr. 5,

6

2011). It is available only against anyone who "participated" or "ha[s] interests" in the purchase." *Id.* at 12. (internal quotation marks omitted).

Yet Twardzik seeks rescission against a company that did not sell him the laptop. True, HP *manufactured* the laptop. But he *bought* it from a "third-party retailer." *Id.* ¶¶ 84–86, 88. Because HP did not sell him the laptop, I cannot order it to buy it back. So Twardzik cannot get recission.

### D. Class Standing

Twardzik sues on behalf of others under the deceptive-practices statutes of thirty-three different states. *Id.* ¶ 111; D.I. 1-1. HP and NVIDIA say he lacks standing to do so. D.I. 17, at 20. Twardzik counters that any problem with these claims goes to the class's validity under Rule 23, not standing. D.I. 21, at 20.

Twardzik is right: this is not a standing problem. As I have discussed, standing doctrine requires only that plaintiffs show that "they have been injured, [that] the defendants caused that injury, and [that] the injury can be redressed by a judicial decision." *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011). Twardizk has shown that. And because he has standing, the proposed class does too. *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 364 (3d Cir. 2015).

The fact that he raises other states' laws does not change this analysis. Concerns about applying the "laws of all 50 states" in one action "may affect whether [the] class should be certified." *Morrison*, 649 F.3d at 536. That is so because class actions may proceed only if "there are questions of law or fact common to the class." Fed R. Civ. P. 23(b). If several states' laws apply and those laws differ, a class action may not be proper. *See, e.g., Grandalski v. Quest Diagnostics Inc.*, 767 F.3d 175, 183–84 (3d Cir.

7

2014). Yet that finding would not undermine an individual plaintiff's standing. *Langan v. Johnson & Johnson Consumer Cos., Inc.*, 897 F.3d 88, 96 (2d Cir. 2018); *Morrison*, 649 F.3d at 536; *In re Asacol Antitrust Litig.*, 907 F.3d 42, 50–51 (1st Cir. 2018); *Mayor of Baltimore v. Actelion Pharma. Ltd.*, 995 F.3d 123, 134 (4th Cir. 2021). Because Twardzik has standing, I will not consider the putative class's other state law claims until the certification stage. *See* First Am. Compl. ¶¶ 109–23.

To summarize: Twardzik cannot seek an injunction or rescission, but he does have standing to seek damages. And because *he* has standing, I need not consider the challenges inherent in a multi-state class yet.

### III. TWARDZIK DOES NOT SUFFICIENTLY PLEAD FRAUD

On to the merits. Twardzik brings three claims: (1) violations of consumer protection laws, (2) fraud and fraudulent concealment, and (3) unjust enrichment. First Am. Compl. ¶¶ 109–23, 128–59. All three claims are based on fraudulent activity. *See id.* ¶¶ 135, 145–51, 157. So all three are subject to the heightened pleading requirements of Rule 9(b). *See Menzies v. Seyfarth Shaw, LLP*, 1:21-cv-00249, at 5–6 (D. Del. Nov. 22, 2021). That Rule requires plaintiffs "alleging fraud" to "state [their claims] with particularity." Fed. R. Civ. P. 9(b).

Twardzik advances two theories of fraud. First, he says HP and NVIDIA "made false representations concerning the performance and quality of the [laptops]." First Am. Compl. ¶ 145; *accord id.* ¶¶ 138, 142, 146, 150, 155–56. Alternatively, he says the companies "actively concealed and suppressed material facts." *Id.* ¶ 145; *accord id.* ¶¶ 134–36, 137, 146–49, 155–56. Both theories fail.

### A. Misrepresentation

Plaintiffs alleging misrepresentation must provide "the 'who, what, when, where, and how' of the events at issue." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir. 1997)).

For Twardzik, that means explaining exactly how HP and NVIDIA "made a false representation" that he reasonably "relied on." *See Premier Cap., LLC v. Citizens Bank of Pa.*, 2018 WL 3414217, at *4 (Md. Ct. Spec. App. July 13, 2018) (fraud); *Daniyan v. Viridian Energy LLC*, 2015 WL 4031752, at *2 (D. Md. June 30, 2015) (Maryland-Consumer-Protection-Act claim sounding in fraud); *State Farm Mut. Auto. Ins. Co. v. Carefree Land Chiropractic, LLC*, 2018 WL 6514797, at *4 (D. Md. Dec. 11, 2018) (unjust-enrichment claims premised on fraud must satisfy Rule 9(b)). But he shows neither falsity nor reliance.

*Falsity.* To be false, "a statement must [] misrepresent[] [a] material fact. It cannot be an estimate or opinion or puffing." *Daniyan*, 2015 WL 4031752, at *2 (internal quotation marks omitted). Twardzik says several statements about the MX150 and Envy 13 are misrepresentations.

NVIDIA said that the MX150:

- offers "up to 3x superior performance-per-Watt," First Am. Compl. ¶¶ 12, 68;
- "supercharges your laptop for work and play," *id.* ¶¶ 12, 69;

9

- provides "up to 4x faster performance over integrated graphics for photo and video-editing applications, as well as faster, smoother gaming," *id.*; and

- would allow users "to play at full HD resolution at a smooth 60 frames per second," *id.* ¶ 70.

HP said that the Envy 13:

- was "exceptionally powerful, with [i]ncredible speed," *id.* ¶¶ 14, 67 (internal quotation marks omitted) (alteration in original);

- allowed "unbridled performance that overpowers even the most demanding tasks," *id.*;

- had "the power and responsiveness to help your productivity soar," *id.*; and

- enabled users to "[e]xperience amazing gaming performance, seamlessly edit and share 360 video, and enjoy fantastic 4K Ultra HD entertainment," *id.* (alteration in original).

But Twardzik never says these statements are false. Boasts that the MX150 "supercharges your laptop" or that the Envy 13 "overpowers even the most demanding tasks" are "exaggeration[s] or overstatement[s]," mere puffery, not "actionable" claims. *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 945 (3d Cir. 1993).

Statements that the MX150 would provide "up to" three- or four-times faster performance are not clearly false. Twardzik never denies that the laptop can run at those speeds, if only under certain conditions. *See* First Am. Compl. ¶¶ 22, 51–53. And "a reasonable consumer" would expect as much: "the phrase 'up to'" implies that that

10

"speeds could be less than advertised," at times. *Fink v. Time Warner Cable*, 714 F.3d 739, 742 n.3 (2d Cir. 2013) (internal quotation marks omitted).

And though Twardzik points to NVIDIA's promise that the MX150 would let users "play a full HD resolution at a smooth 60 frames per second," he never pleads facts showing that it is false. First Am. Compl. ¶ 70; *see* D.I. 17, at 15 n.2. True, he notes that his laptop did not run smoothly. First Am. Compl. ¶ 89. But he never discusses how many "frames per second" the laptop processed—and I cannot infer that information from his complaint. So he has not pointed to a false representation.

*Reliance*. Twardzik's claims fail for another reason too: he does not explain how he relied on statements by HP and NVIDIA. True, he says he "reli[ed] on [their] misleading marketing." *Id.* ¶ 88. But he provides no information to support this—even after HP and NVIDIA flagged this deficiency in an earlier motion to dismiss. D.I. 7, at 15–16. He never even says he saw their marketing before he bought his laptop. Indeed, he mentions only reviewing third-party promotions and reviews before buying. First Am. Compl. ¶¶ 84–86; D.I. 1 ¶¶ 81–83 (same). That is not nearly enough to satisfy Rule 9(b).

In fact, the one third-party source he links to undercuts his claim. *Cf. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (allowing review of exhibits attached to a complaint). He says his research indicated "that the MX150 was … comparable to" other "mainstream" graphics processing units "that could play games" at "full HD resolution." First Am. Compl. ¶ 86 (internal quotation marks omitted). But the only third-party review he suggests reading admits

11

that "[t]he performance of [the comparable graphics processing unit] can vary quite a lot depending on the cooling performance of the laptop…. [T]he notebook model is usually a bit slower." *See* Klaus Hinium, *NVIDIA GeForce GTX 1050 Mobile*, Notebookcheck (Jan. 12, 2017), https://perma.cc/L2HG-V34P; *see also* First Am. Compl. ¶¶ 86, 88. If that is how he thought the MX150 would work, he cannot claim reliance on any deception.

### B. Omission

Twardzik says that, even if he has not sufficiently pled misrepresentation, he has pled omission. D.I. 21, at 11. He points to the "relaxed" standard applied in cases involving "omissions of material fact," not affirmative misrepresentations. *Id.* (quoting *Doll v. Ford Motor Co.*, 814 F. Supp. 2d 526, 538 (D. Md. 2011)).

He is right that the standard for omissions is "lower." *Doll*, 814 F. Supp. 2d at 538. "[O]missions cannot be described in terms of the time, place, and contents of the misrepresentation." *Id.* So those details are unnecessary.

But the substantive elements of the claim do not change. *Compare Won Kim*, 2018 WL 1791916, at *3 (fraud elements), *with Crystal v. Midatlantic Cardiovascular Associates, P.A.*, 133 A.3d 1198, 1209 (Md. Ct. Spec. App. 2016) (fraudulent concealment elements). Either way, plaintiffs must show reliance. *Id.* Because Twardzik has not done that, his omission theory fails too.

* * * * *

Twardzik fails to show that he relied on anything HP or NVIDIA did or did not say. So I dismiss his claims. And because he has amended his complaint once already, I will not let him amend again.