# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK TWARDZIK, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HP INC., and NVIDIA CORPORATION,<br><br>　　　　　Defendants. | C.A. No. 1:21-cv-00396-SB |

## DEFENDANTS' OPPOSITION TO
## PLAINTIFF'S MOTION FOR REARGUMENT

*Of Counsel:*

Laurence Pulgram
David Feder
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
(415) 875-2300

Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendants HP Inc. and NVIDIA Corporation*

## TABLE OF CONTENTS

                                                                                                                                                            **Page**

I.     PLAINTIFF FAILS TO MEET THE STANDARD FOR RECONSIDERATION ................................................................................... 1

II.    THE COURT CORRECTLY DISMISSED PLAINTIFF'S MCPA CLAIM. ........................................................................................................ 3

        A.     An MCPA Omission Claim Requires Reliance. ......................... 4

        B.     Plaintiff's Claim Is Also Defective Because He Does Not Allege An Actionable Omission. ................................................ 6

        C.     Plaintiff Challenges Two Factual Inferences With No Bearing On The Court's Dismissal Of The MCPA Omission Claim ............................................................................ 8

III.   CONCLUSION ................................................................................... 10

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*AgroFresh Inc. v. Essentiv LLC*,
  C.A. No. 16-662 (MN), 2019 WL 2745723 (D. Del. July 1, 2019) .................1, 2

*Allen v. Bank of Am. Corp.*,
  Civil No. CCB-11-33, 2011 WL 3654451 (D. Md. Aug. 18, 2011) ....................8

*Allen v. Conagra Foods, Inc.*,
  331 F.R.D. 641 (N.D. Cal. 2019) .......................................................................8

*Bank of Am., N.A. v. Jill P. Mitchell Living Tr.*,
  822 F. Supp. 2d 505 (D. Md. 2011) ................................................................4, 5

*Barimah v. Bank of Am., Inc.*,
  No. PWG-14-3324, 2016 WL 4089564 (D. Md. Aug. 2, 2016) .........................5

*Brundle ex rel. Constellis Emp. Stock Ownership Plan v. Wilmington Tr., N.A.*,
  258 F. Supp. 3d 647 (E.D. Va. 2017) ...............................................................11

*Clark v. Bank of Am., N.A.*,
  Civil Case No. SAG-18-3672, 2021 WL 4310957 (D. Md. Sept. 22, 2021) ..................................................................................................................5

*Consumer Prot. Div. v. Morgan*,
  874 A.2d 919 (Md. 2005) ...................................................................................6

*Daniyan v. Viridian Energy LLC*,
  Civil Action No. GLR-14-2715, 2015 WL 4031752 (D. Md. June 30, 2015) ..................................................................................................................4

*Flores-Hernandez v. United States*,
  944 F. Supp. 2d 26 (D.D.C. 2013) .................................................................3, 7

*Green v. H&R Block, Inc.*,
  735 A.2d 1039 (Md. 1999) .................................................................................5

*Gutierrez v. Ashcroft*,
  289 F. Supp. 2d 555 (D.N.J. 2003) ...................................................................11

*Huertas v. Foulke Mgmt. Corp.*,
  No. 20-3443, 2021 WL 5755081 (3d Cir. Dec. 3, 2021) (Bibas, J., panelist) ..............................................................................................................2

*In re Anderson News, LLC*,
  Adv. No. 11-53811-CSS, 2018 WL 2337132 (D. Del. May 23, 2018) ...............3

# TABLE OF AUTHORITIES
## (Continued)

Page(s)

*Kaswell v. Wells Fargo Bank*,
  Civil Action No. RDB-13-2315, 2014 WL 3889183 (D. Md. Aug. 6,
  2014) .................................................................................................................7

*Luskin's, Inc. v. Consumer Protection Division*,
  726 A.3d 702 (Md. 1999) ..................................................................................6

*Nemphos ex rel. C.G.N. v. Nestle USA, Inc.*,
  No. GLR-12-2718, 2013 WL 4501308 (D. Md. Aug. 21, 2013) ...................5, 7

*Singh v. Lenovo (United States) Inc.*,
  510 F. Supp. 3d 310 (D. Md. 2021) ...................................................................7

*Tait v. BSH Home Appliances Corp.*,
  289 F.R.D. 466 (C.D. Cal. 2012) .......................................................................8

**STATUTES**

Maryland Consumer Protection Act .............................................................*passim*

**RULES**

Local Rule 7.1.5 .....................................................................................................1

**OTHER AUTHORITIES**

Nate Oh, *NVIDIA Silently Rolls Out Slower, Lower TDP GeForce MX150
  for Ultrabooks*, AnandTech.com (March 23, 2018 2:00 PM EST)
  https://www.anandtech.com/show/12565/NVIDIA-silently-rolls-out-
  slower-mx150-for-ultrabooks ............................................................................9

Klaus Hinium, *NVIDIA GeForce GTX 1050 Mobile*, notebookcheck.net,
  (Jan. 12, 2017), https://www.notebookcheck.net/NVIDIA-GeForce-GTX-
  1050-Notebook.178614.0.html .......................................................................10

Plaintiff bought a laptop from a non-party that did not perform to his liking. He did not interact with Defendants or rely on—or allege that he even saw—any statement by them prior to his purchase. He nevertheless claimed that Defendants violated the Maryland Consumer Protection Act ("MCPA") by not disclosing information about the laptop's clock speed. The Court dismissed because Plaintiff did not plead any misrepresentation or that he relied on any statement or omission by Defendants about the laptop. D.I. 27 ("Op.") at 12.

Plaintiff now claims the dismissal was in error and seeks reconsideration, contending that the Court misunderstood the MCPA to include reliance as an element of an omission claim. D.I. 29 ("Mot.") at 7-8. He is incorrect. An MCPA claim requires both reliance on a material omission and a duty to disclose the information allegedly omitted. Plaintiff alleged neither, so his MCPA claim was defective. Plaintiff also challenges two factual inferences drawn by the Court (Mot. at 9-10), but neither finding was incorrect or in any event necessary to the Court's decision to dismiss the MCPA claim. The Court should deny this motion.

## I. PLAINTIFF FAILS TO MEET THE STANDARD FOR RECONSIDERATION.

Under Local Rule 7.1.5, reconsideration "shall be sparingly granted," and is neither "an opportunity to accomplish repetition of arguments that were or should have been presented to the court previously," nor a chance to "request that a court rethink a decision already made." *AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-

1

662 (MN), 2019 WL 2745723, at *1 (D. Del. July 1, 2019) (citations and internal quotations omitted). Instead, "a motion for reconsideration is a limited vehicle used 'to correct manifest errors of law or fact.'" *Huertas v. Foulke Mgmt. Corp.*, No. 20-3443, 2021 WL 5755081, at *2 (3d Cir. Dec. 3, 2021) (Bibas, J., panelist) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999)). Such motions "are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *AgroFresh Inc.*, 2019 WL 2745723 at *1. Accordingly, reconsideration is only proper if the movant can establish "(i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice." *Id.* (citing *Max's Seafood Cafe*, 176 F.3d at 677).

Plaintiff does not identify an intervening change in law or new evidence. Instead, he tries a new spin on an old argument—that reliance should be presumed under the "relaxed" pleading standard for omission-based fraud claims. *See* D.I. 21 at 11. But the Court correctly held that reliance *is* an element of an MCPA omission claim. Op. at 12. And the pleading standard is not so watered down that reliance is presumed where Plaintiff fails altogether to allege having seen, much less relied upon, a partial disclosure by Defendants. Plaintiff further failed to

allege that Defendants had any duty to disclose the clock speed information that they allegedly omitted. Plaintiff insists the Court got it wrong; but motions for reconsideration are "not an opportunity for 'endless debate between the parties and the Court.'" *In re Anderson News, LLC*, Adv. No. 11-53811-CSS, 2018 WL 2337132, at *4 (D. Del. May 23, 2018) (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)). Plaintiff cannot demonstrate a "clear error" at risk of "manifest injustice" based on the dismissal of a claim that suffers from multiple fatal defects. *See Flores-Hernandez v. United States*, 944 F. Supp. 2d 26, 31 (D.D.C. 2013) (denying Rule 59(e) motion where, even assuming plaintiff could establish "clear error" as to "one step in [her] causation theory," she "would still need to show that the Court committed another 'clear error'" as to the second step; plaintiff "comes up short on both of these issues").

## II. THE COURT CORRECTLY DISMISSED PLAINTIFF'S MCPA CLAIM.

The Court dismissed Plaintiff's MCPA claim because he did not allege that he relied on any omission by Defendants. Op. at 12. Plaintiff contends that this was in error because "a plaintiff's reliance on a defendant's omission can be presumed by the materiality of the omitted fact." Mot. at 7. This is incorrect for two reasons. First, even in omission cases, reliance must be pled with particularity. Plaintiff did not allege relying on any incomplete statement by Defendants. Second, Plaintiff also pled no actionable omission, as Defendants had no duty to

3

disclose the information Plaintiff alleges was omitted. For either reason, Plaintiff's motion fails.

### A. An MCPA Omission Claim Requires Reliance.

"A party seeking to recover damages on a material omission theory under the MCPA must prove reliance." *Bank of Am., N.A. v. Jill P. Mitchell Living Tr.*, 822 F. Supp. 2d 505, 534 (D. Md. 2011). The party must likewise prove a consequence that depends on his reliance—*i.e.*, causation of injury. "[A]ny person may bring an action to recover for *injury or loss* sustained by him *as the result* of a practice prohibited by" the MCPA. Md. Code Ann., Com. Law § 13-408 (West 2018) (emphasis added).

The MCPA addresses omissions in two subsections: § 13-301(3) covers the "[f]ailure to state a material fact if the failure deceives or tends to deceive"; and § 13-301(9) covers "knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with . . . [t]he promotion or sale of any consumer goods, consumer realty, or consumer service." Under either subsection, "the plaintiff must allege (1) an unfair or deceptive practice or misrepresentation that (2) *is relied upon*, and (3) causes actual injury." *Daniyan v. Viridian Energy LLC*, Civil Action No. GLR-14-2715, 2015 WL 4031752, at *1 (D. Md. June 30, 2015) (emphasis added) (quotation omitted) (articulating same standard for §§ 13-301(3) and (9)); *Nemphos ex rel.*

*C.G.N. v. Nestle USA, Inc.*, No. GLR-12-2718, 2013 WL 4501308, at *8 (D. Md. Aug. 21, 2013) (dismissing MCPA omission case involving partial disclosures where plaintiff did not allege "with particularity" "how she relied upon them").

Plaintiff evidently now considers his a § 13-301(3) case (Mot. at 7), although neither his Complaint nor prior briefing said so expressly.  No matter.  The courts require "evidence of detrimental reliance" to sustain a § 13-301(3) MCPA claim.  *Clark v. Bank of Am., N.A.*, Civil Case No. SAG-18-3672, 2021 WL 4310957, at *9, *11 (D. Md. Sept. 22, 2021) (emphasis added) (dismissing § 13-301(3) claim); *see Barimah v. Bank of Am., Inc.*, No. PWG-14-3324, 2016 WL 4089564, at *6-8, *3 n.5 (D. Md. Aug. 2, 2016) (dismissing § 13-301(3) claim for plaintiff's failure to allege that he relied on information not disclosed by bank); *Bank of Am.*, 822 F. Supp. 2d at 536 (dismissing §§ 13-301(3) & (9) counterclaim because trustee did not rely to her detriment on any omitted statement from bank).

Plaintiff offers cases in which plaintiffs actually encountered statements by the defendants that were rendered deceptive by alleged omissions.  *See, e.g.*, *Green v. H&R Block, Inc.*, 735 A.2d 1039, 1058 (Md. 1999) (undisclosed kickback in plaintiff's loan agreement with defendant); *Bank of Am.*, 822 F. Supp. 2d at 535 (bank fee calculation in contract not disclosed to plaintiff).  Plaintiff also relies extensively, albeit for the first time in his motion for reconsideration, on *Luskin's, Inc. v. Consumer Protection Division*, 726 A.3d 702 (Md. 1999).  *Luskin's*

5

involved an electronics store's bait-and-switch advertisements that it would provide "free airfare" for vacations to those who purchased consumer products, disclosing the actual vacation costs to customers only after their purchases. *Id.* at 717. The portions of *Luskin's* quoted by Plaintiff address not reliance, but rather the specialized rules that the FTC and, in turn, Maryland's Consumer Protection Division, apply to materiality in offers of "free" goods. *Id.* at 713. When *Luskin's does* address reliance, it holds that "purchases by those who did not rely on the ad at all should, in effect, be excluded" from any recovery. *Id.* at 727; *accord Consumer Prot. Div. v. Morgan*, 874 A.2d 919, 940-41 (Md. 2005).

So too here. As the Court found, Plaintiff "does not explain how he relied on statements by HP and NVIDIA . . . even after HP and NVIDIA flagged this deficiency in an earlier motion to dismiss." Op. at 11. Plaintiff's repeated failure to plead that he saw or sought out Defendants' marketing or considered anything said or unsaid by Defendants bars his claim. The Court's finding that Plaintiff failed to plead reliance was not an error of law, much less a "clear" one, and Plaintiff is not entitled to yet another bite at the apple.

### B. Plaintiff's Claim Is Also Defective Because He Does Not Allege An Actionable Omission.

Even if Plaintiff were absolved from alleging reliance (he is not), he fails to allege that Defendants made any actionable omission at all. The dismissal of a claim that is legally defective for multiple, independent bases does not pose a risk

6

of manifest injustice warranting reargument. *See Flores-Hernandez*, 944 F. Supp. 2d at 31.

Maryland law imposes no unfettered duty for businesses to discern or disclose any fact that might be material to someone. *See, e.g.*, *Kaswell v. Wells Fargo Bank*, Civil Action No. RDB-13-2315, 2014 WL 3889183, at *5 (D. Md. Aug. 6, 2014) (dismissing MCPA claim for failure to allege "duty to disclose the alleged omissions" since "mere failure to disclose a material fact does not constitute fraud under Maryland law"). Instead, in MCPA cases "involving partial disclosures, the plaintiff must 'specify . . . the partial and fragmentary statements of fact that created a duty . . . to speak.'" *Nemphos*, 2013 WL 4501308, at *8 (quoting *Hill v. Bush Engineered Materials, Inc.*, 383 F. Supp. 2d 814, 823 (D. Md. 2005) (second omission in original). Plaintiff does not allege an actionable omission here because he alleges no facts giving rise to a legal duty to supplement statements that had nothing to do with clock-speed, that Plaintiff did not see, and that the Court held were non-actionable puffery, a conclusion that Plaintiff does not challenge here. Op. at 10. *Cf. Singh v. Lenovo (United States) Inc.*, 510 F. Supp. 3d 310, 330 (D. Md. 2021) (defendant's "specific claims that its [laptops] can withstand 25,000 open-close cycles—or eight years of use" was "an active misstatement of fact" and thus "sufficient to create a duty to disclose").

7

The cases cited by Plaintiff involved duties to disclose based on affirmative misrepresentations or nondisclosure of design defects and malfunctions. *See, e.g.*, *Allen v. Conagra Foods, Inc.*, 331 F.R.D. 641, 651 (N.D. Cal. 2019) ("Fat Free – Zero Calories" and "0g Fat – 0 Calories…per serving" misrepresented true fat and calories counts of spray butter); *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 471 (C.D. Cal. 2012) (nondisclosure of washing machine's design defect that caused biofilm, mold, mildew, bacteria, and foul odors); *Allen v. Bank of Am. Corp.*, Civil No. CCB-11-33, 2011 WL 3654451, at *1 (D. Md. Aug. 18, 2011) (nondisclosure of automatic mortgage-payment program's malfunction that caused mortgage payments to appear delinquent). Plaintiff alleged no basis for any duty to disclose a pre-set clock speed, hence he cannot allege Defendants made any actionable omission.

Accordingly, setting aside lack of reliance, Plaintiff's MCPA claim was also defective because he alleged no actionable omission capable of reliance. Based on either defect, dismissal of the MCPA claim was not a "clear error" of law.

    **C.**    **Plaintiff Challenges Two Factual Inferences With No Bearing On The Court's Dismissal Of The MCPA Omission Claim.**

Plaintiff argues that the Court drew improper inferences from two, discrete factual allegations in his First Amended Complaint. Mot. at 9-10. Neither was clearly erroneous nor indispensable to the Court's analysis of Plaintiff's defective

MCPA claim. Indeed, Plaintiff does not even attempt to explain why the challenged inferences justify the extraordinary remedy of reconsideration.

*First*, Plaintiff suggests that the Court erred by inferring that laptops with MX150 graphics cards were capable of "overclocking." Mot. at 9 (citing Op. at 2). Not so—the FAC itself incorporates an article describing the MX150's *default*— *i.e.*, adjustable—clockspeed. *See* FAC ¶¶ 23, 78.[1] And the FAC describes the regular practice of "overclocking" by users of "Many GPUs"—without suggestion that this description was inapplicable to the MX150. FAC ¶ 52. It is hardly clear error to accept that allegation as probative of products in this case. In any event, it is not apparent how this issue relates to Plaintiff's request for reargument. Overclocking was relevant to standing, *see* D.I. 22 at 2, and addressed by the Court in the "Background" section, Op. at 3, not in its analysis of the MCPA claim.

*Second*, Plaintiff also contends the Court misconstrued the significance of an article he read about how NVIDIA's GTX 1050 graphics card performed in laptops. Mot. at 10. The article explained that the GTX 1050's performance could "vary quite a lot depending on the cooling performance of the laptop." FAC ¶ 86.[2]

---

[1] Citing Nate Oh, *NVIDIA Silently Rolls Out Slower, Lower TDP GeForce MX150 for Ultrabooks*, AnandTech.com (March 23, 2018 2:00 PM EST) https://www.anandtech.com/show/12565/NVIDIA-silently-rolls-out-slower-mx150-for-ultrabooks.

[2] Citing Klaus Hinium, *NVIDIA GeForce GTX 1050 Mobile*, notebookcheck.net, (Jan. 12, 2017), https://www.notebookcheck.net/NVIDIA-GeForce-GTX-1050-Notebook.178614.0.html.

9

Plaintiff alleged he expected the MX150 to perform comparably to the GTX 1050—*i.e.*, capable of handling the processing demands of the latest games. *Id.* The Court rightly observed that, if Plaintiff anticipated similar performance, he should have expected based on the article that the "notebook model is usually a bit slower." Op. at 12 (quoting article). That is a logical inference, not a mistaken one, and by no means clear error. And, again, the issue is entirely irrelevant to reargument. The Court addressed this point one paragraph *after* finding that Plaintiff did "not explain how he relied on statements by HP and NVIDIA." Op. at 11. The Court cited the article to show that even the third-party statements on which Plaintiff *did* claim to rely actually put him on notice of slower speeds.

In all events, both challenged inferences could have been excised from the Opinion without disturbing the Court's conclusion and thus are inappropriate subjects for reconsideration. *See Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (reconsideration appropriate only for "*dispositive* factual matters") (emphasis added); *see also Brundle ex rel. Constellis Emp. Stock Ownership Plan v. Wilmington Tr., N.A.*, 258 F. Supp. 3d 647, 656-57 (E.D. Va. 2017) (denying reconsideration for "marginal and inconsequential" proposed corrections).

### III. CONCLUSION

The Court properly dismissed Plaintiff's MCPA claim and should deny Plaintiff's motion for reargument.

10

|  |  |
|---|---|
| *Of Counsel:* | RICHARDS, LAYTON & FINGER, P.A.<br><br>/s/ *Kelly E. Farnan*<br>_____<br>Kelly E. Farnan (#4395) |
| Laurence Pulgram<br>David Feder<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA  94104<br>(415) 875-2300 | One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rlf.com<br><br>*Attorneys for Defendants HP Inc. and NVIDIA Corporation* |
| Dated:  February 22, 2022 | |

11