IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARK TWARDZIK, individually and
on behalf of all others similarly situated

        *Plaintiff,*

  v.

HP INC., NVIDIA CORPORATION

        *Defendants.*

No. 1:21-cv-00396-SB

---

Peter Bradford deLeeuw, DELEEUW LAW LLC, Wilmington, Delaware.

*Counsel for Plaintiff.*

Kelly E. Farnan, RICHARDS, LAYTON, & FINGER, PA, Wilmington, Delaware; Laurence Pulgram, Molly Melcher, FENWICK & WEST LLP, San Francisco, California.

*Counsel for Defendants.*

**MEMORANDUM OPINION**

August 3, 2022

BIBAS, *Circuit Judge*, sitting by designation.

Sometimes judges make mistakes. When an error causes serious injustice, a plaintiff can get his case reopened. Mark Twardzik thinks that he should get that remedy here. But I see no error in my decision to dismiss his case, so I deny his motion to reopen it. If Twardzik disagrees, he may appeal my earlier judgment.

## I. Background

Twardzik bought an HP laptop for gaming after reading glowing reviews. First Am. Compl., D.I. 15 ¶¶ 85–87. But the laptop glitched when he used it. *Id.* ¶ 89.

Dismayed, Twardzik did some digging and discovered that laptop's graphics cards were slowed compared to those in larger models. *Id.* ¶ 90. But HP had never mentioned that in its marketing. *Id.* ¶ 83. So he sued HP and the graphics card manufacturer, NVIDIA, for common-law fraud and violations of Maryland's Consumer Protection Act. *Id.* ¶¶ 128–52.

Earlier this year, I dismissed those claims because Twardzik did not "explain how he relied on statements by HP and NVIDIA." D.I. 27, at 11. Indeed, "[h]e never even [said that] he saw their marketing before he bought his laptop." *Id.* And one third-party review he read said compact laptops like his usually ran a bit slower than full-size models. *Id.* at 11–12. Thus, Twardzik failed to plead fraud or consumer-protection violations. *Id.* at 9, 11. Now Twardzik asks me to reconsider. D.I. 29.

2

## II. I WILL NOT REOPEN TWARDZIK'S CASE

I may reconsider a ruling to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)); Fed. R. Civ. P. 59(e).

Twardzik cites no new evidence. Instead, he says I got the law and some facts wrong. His argument boils down to two theories. First, he says he can rely on misleading statements without seeing them. Second, he insists that I misread the facts that he pleaded. Neither tack persuades me.

### A. Twardzik cannot rely on statements that he never saw

Start with reliance. Twardzik says I misinterpreted the Consumer Protection Act when I held that he could rely only on statements he actually saw. D.I. 29, at 4–9; *see* Md. Code Ann., Com. Law § 13-301(3). Consumer-protection claims, he argues, look only at whether the omission was "material"—here, whether knowing about the laptop's speed would have stopped many "unsophisticated consumers" from buying it. *Bank of Am., N.A. v. Jill P. Mitchell Living Tr.*, 822 F. Supp. 2d 505, 534 (D. Md. 2011). If an omission *was* material, Twardzik says, I can presume he relied on it. D.I. 29, at 6–7.

Not so. Even if I credit that HP's and NVIDIA's omissions were material, I cannot presume that telling the whole story would have changed Twardzik's mind. *See Bank of Am.*, 822 F. Supp. 2d at 535 (noting that an individual consumer must still show reliance: that *he* "would not have made the choice in question"). That is because

3

Twardzik never saw HP's and NVIDIA's half-truths; he relied on independent testing instead. D.I. 15 ¶ 85. That failure severs any presumption of reliance: if he did not see the half-truths, I cannot presume that those omissions distorted his view of the laptops. *Accord Bank of Am.*, 822 F. Supp. 2d at 536 (dismissing material-omission claim where the plaintiff learned information from a third party); *Philip Morris, Inc. v. Angeletti*, 752 A.2d 200, 234–36 (Md. 2000) (doubting that reliance was met when prospective class members may not have seen challenged statements). So I rightly dismissed Twardzik's claims.

Resisting this conclusion, Twardzik points me to challenges brought by Maryland's Consumer Protection Division. D.I. 29, at 5–6. In those cases, he says, courts looked only at the half-truths, not whether consumers noticed them. *Id.*; *see, e.g.*, *Luskin's, Inc. v. Consumer Prot. Div.*, 726 A.2d 702, 713 (Md. 1999); *Consumer Prot. Div. v. Morgan*, 874 A.2d 919, 941 (Md. 2005). True. But that is because the law is different for state-agency enforcement proceedings. There, the government need not prove every consumer's reliance. *Farwell v. Story*, 2010 WL 4963008, at *8–9 (D. Md. Dec. 1, 2010). Yet for *individual consumers* to recover, they must prove their own reliance. *See, e.g.*, *Morgan*, 874 A.2d at 941–42 (recovery from state award); *Luskin's*, 726 A.2d at 727 (same); *Farwell*, 2010 WL 4963008, at *8 (individual suit). So Twardzik's cases do not change the game.

## B. No reading of Twardzik's complaint changes that outcome

Alternatively, Twardzik says I misread the facts in his complaint. D.I. 29, at 9–10. First, he says I improperly inferred some facts about his laptop's mechanics when

I suggested that he could increase the graphics card's speed. *Id.* at 9. Second, he claims that I overread a third-party review he cited: I had said it "undercut[] his claim" by explaining that smaller laptops could have slower performance. D.I. 27 at 11–12. And if "he thought [his laptop] would work" that way, I noted, he could not "claim reliance on any deception." *Id.* at 12. Twardzik says he did not take any of that from the review. D.I. 29, at 10.

But even if I misread Twardzik's complaint, that misreading was not "dispositive." *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003). In the end, I dismissed Twardzik's case because he has a reliance problem. My understanding of his laptop's mechanics did not underpin that conclusion. D.I. 27, at 11.

Nor did my reading of that review drive my decision. As Twardzik points out, I noted that the review might matter *if* Twardzik understood his laptop might be slower than larger models. D.I. 29, at 10. But I did not base my decision on it. D.I. 27, at 12. Instead, I grounded my reliance ruling on the fact that "[h]e never … [said] he saw [the *defendants'*] marketing before he bought his laptop." *Id.* at 11. So this quibble is not enough to justify reopening either.

\* \* \* \* \*

Because Twardzik does not persuade me that I clearly erred by dismissing his case, I deny his motion to reopen.